**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4361

HENRY HUGH ROBINSON, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-93-5)

Submitted: March 23, 1999

Decided: April 6, 1999

Before ERVIN, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

**COUNSEL**

Shanon S. Echols, Charlottesville, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assistant
United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Henry Hugh Robinson, Jr., pled guilty to one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (1994), and one count of using or carrying a firearm during and in relation to drug trafficking offenses in violation of 18 U.S.C.A. § 924(c) (West Supp. 1998). He was sentenced to a 420 month term of imprisonment. He appeals aspects of his plea and sentence. Finding no reversible error, we affirm.

This case arrives on direct appeal after Robinson filed a partially successful 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998) motion. Upon consideration of Robinson's § 2255 motion, the district court found that it had not informed Robinson of his right to appeal following entry of the original criminal conviction. To provide Robinson an opportunity to appeal, the § 2255 court determined that Robinson's original judgment and commitment order should be vacated and re-entered. Summary judgment was granted for the Government on the remainder of Robinson's claims.[1] The district court thereupon vacated and re-entered Robinson's judgment and commitment order. This direct appeal followed.

The first of six arguments Robinson raises on appeal is that the re-entry of the judgment and commitment order constituted resentencing for which Robinson had a right to be present under Federal Rules of Criminal Procedure 32 and 43. We disagree. The judgment and commitment order were ministerially re-entered solely to effectuate Robinson's right to appeal. We find that the district court did not err by reimposing the original judgment without a hearing and without requiring Robinson's presence.

Robinson next asserts that he should be allowed to withdraw his plea to the § 924(c) charge in light of Bailey v. United States, 516

_____

[1] Robinson's appeal from the district court's order granting partial summary judgment for the Government was dismissed by this court. See United States v. Robinson, No. 98-6578 (4th Cir. Oct. 19, 1998) (unpublished).

2

U.S. 137 (1995). Robinson claims that the facts presented at the plea hearing were insufficient to support a finding either that he used or that he carried a firearm under § 924(c).

Section 924(c)(1) prohibits using or carrying a firearm during and in relation to a drug trafficking crime. See 18 U.S.C.A. § 924(c). In Bailey, the Supreme Court held that in order to obtain a conviction for using a firearm in the commission of a drug crime, the government must show active employment of the weapon. See Bailey, 516 U.S. at 144. We affirm a district court's finding of a sufficient factual basis for a guilty plea to a violation of § 924(c) unless the court abused its discretion in holding that there was a factual basis for the defendant to plead guilty to either using or carrying a firearm. See United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997).

Robinson's indictment and plea agreement both state that he "used or carried" a firearm during and in relation to drug trafficking offenses. (JA at 21, 67-68). At Robinson's plea hearing the prosecutor stated that, to establish the § 924(c) count, the Government had to demonstrate that Robinson "carried" a firearm to aid the drug trafficking conspiracy. (JA at 37-38). To support the § 924(c) count, the Government offered the testimony of a police officer who stated that, according to the reports of numerous confidential informants and cooperating witnesses, Robinson was known to "carry" a firearm during drug trafficking activities. (JA at 53-54).

We agree with Robinson that there was insufficient evidence to support a finding that he "used" a firearm; however, we find that the evidence was sufficient to support a plea of guilty to carrying a firearm under § 924(c). See generally Muscarello v. United States, 118 S. Ct. 1911, 1914-16 (1998) (discussing meaning of "carry" in § 924(c)); see also Mitchell, 104 F.3d at 653 (finding that conveying a firearm on one's person during a drug offense "is perhaps the clearest example of a violation of the `carry' prong"). We therefore conclude that the district court did not abuse its discretion in finding a sufficient factual basis for Robinson's plea. See Mitchell, 104 F.3d at 652. We note that the judgment order employs the verb "use." We instruct the district court to modify the judgment to "carry," to reflect the evidence offered at the plea hearing.

Third, Robinson contends that he was denied the effective assistance of counsel at sentencing. Ineffective assistance claims are generally raised in a motion pursuant to 28 U.S.C.A.§ 2255 (West 1994 & Supp. 1998). See United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). For a claim of ineffective assistance of counsel to be heard on direct appeal it must "conclusively appear[ ] in the trial record itself that the defendant was not provided with effective representation." Id. (citations omitted). We do not find such conclusive evidence in the record before us; we therefore decline to reach this issue.**2**

Robinson next argues that the district court erred in enhancing his sentence based on Robinson's organizing or leadership role in the conspiracy; Robinson maintains that there was no reliable information before the court that would support the enhancement. We note that Robinson failed to object to the enhancement at sentencing. We therefore review only for plain error. See United States v. Grubb, 11 F.3d 426, 440 (4th Cir. 1993).

At the plea hearing, the prosecutor questioned a police officer about Robinson's role in the conspiracy. (JA at 51). The police officer answered that, "[Robinson] was `the man.'[He] was probably the biggest dealer in Culpeper at that time." (JA at 51). The testimony of a credible government witness is sufficient to support a role enhancement. See United States v. Hyppolite, 65 F.3d 1151, 1159 (4th Cir. 1995). Moreover, Robinson's presentence report, to which he failed to object, recites that he distributed cocaine to"his individual street sellers" and goes on to name five of them. We therefore find that the district court did not plainly err in increasing Robinson's offense level for playing an organizing or leadership role in the drug conspiracy.

_____

**2** Similarly, to the extent that Robinson attempts to raise a Bailey-associated ineffective assistance claim, i.e., that his attorney was ineffective for advising Robinson to plead guilty because there was an insufficient factual basis to support a guilty plea under§ 924(c), we decline to reach the issue on the record before us. See Hoyle, 33 F.3d at 418.

We note that, should Robinson desire to file another§ 2255 motion, he would not need authorization from this court because such a motion would not be considered "second or successive" within the meaning of § 2255. See In re Goddard, ___ F.3d ___, 1999 WL 129274, *4 (4th Cir. 1999).

4

In claims five and six, Robinson asserts that he should have been granted a downward departure in his sentence based on substantial assistance because he was instrumental in getting two of his co-conspirators to plead guilty. Robinson's plea agreement provided that he would furnish information and testimony to the Government regarding its ongoing criminal investigation, and in any proceedings resulting from that investigation. The agreement further provided that, if the United States Attorney deemed Robinson's cooperation to be substantial, the Government might move for a sentence reduction under 18 U.S.C. § 3553(e) (1994) and U.S. Sentencing Guidelines Manual § 5K1.1 (1993). The Government did not move for a sentence reduction based on substantial assistance, and the district court denied Robinson's request for the court to effect such a reduction on its own.

Robinson argues that the Government breached the plea agreement by not moving for a departure. He relies on this court's decision in United States v. Conner, 930 F.2d 1073 (4th Cir. 1991). In Conner we held that, if the prosecution promises in a plea agreement to make a § 5K1.1 motion in return for substantial assistance, such a promise is enforceable. See id. at 1075-76. However, the plea agreement in this instance differs in critical ways from the plea agreement in Conner. Robinson's plea agreement does not contain binding language. Indeed, the instant plea agreement states that,"if the defendant renders complete and truthful cooperation and testimony. . ., the United States may, but is not required to, make a motion of substantial assistance." (JA at 70). Robinson's agreement further provides that the decision whether Robinson's assistance is deemed substantial "shall be in the sole discretion of the United States Attorney." (JA at 70). In contrast to the Conner agreement, Robinson's plea agreement did not give rise to an enforceable promise. Indeed, the Government explicitly reserved discretion rather than promise anything. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994).[3] We there-

_____

3 Robinson also argues that because the Government conceded, in a wholly unrelated case, that a defendant provided substantial assistance when he was available and willing to testify against codefendants, it was clearly erroneous for Robinson's sentencing court not to have found that Robinson provided substantial assistance in this instance. See United States v. David, 58 F.3d 113, 114 (4th Cir. 1995). The Government in this case did not concede that Robinson provided substantial assistance, nor was the district court bound by the concession the Government made in David.

5

fore find that the Government did not breach the agreement by failing to move for a departure.

Robinson maintains that the Government also breached the plea agreement by not informing the district court that his cooperation resulted in two of his co-conspirators pleading guilty. While it is true that the prosecutor did not offer the district court the information that Robinson contributed to the decision of two co-conspirators to plead guilty, we find any such error harmless as Robinson provided the district court with the information, which was confirmed by the prosecutor. (JA at 119-21).

Finally, Robinson alleges that the district court erred when it criticized the <u>Conner</u> decision. However, the district court expressly informed Robinson that the court's opinion of <u>Conner</u> had nothing to do with Robinson's case, and the court proceeded to hear Robinson's argument for a departure, in substantial compliance with <u>Conner</u>. (JA at 118-23). We find no error in the district court's conduct.

Accordingly, we affirm the district court's decision on all grounds. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED AS MODIFIED</u>

6